MUNICIPIO DE PONCE, DEMANDANTE Y APELANTE, *v.* VENDRELL, DEMANDADO Y APELADO.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre *injunction.*

No. 1951.—Resuelto en abril 15, 1920.

ORDENANZA MUNICIPAL ANTICONSTITUCIONAL.—EXPROPIACIÓN FORZOSA.—FACULTADES NO CONCEDIDAS A LOS MUNICIPIOS.—Una ordenanza municipal por la cual se priva del uso de una parte de ciertos solares a sus dueños sin el previo procedimiento de la expropiación forzosa, es anticonstitucional porque no habiendo la Legislatura conferido tales facultades a los municipios, la restricción del uso de la propiedad privada equivale a la expropiación forzosa.

ID.—EDIFICACIONES—PERMISOS PARA EDIFICAR CONCEDIDOS POR EL MUNICIPIO—SOLARES.—El permiso concedido por el municipio a una persona para edificar en solar de su propiedad de acuerdo con las prescripciones de una ordenanza municipal, sólo obliga al peticionario a cumplir aquellas condiciones que el municipio puede legalmente imponer.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. A. Lastra Charriez,* y *M. y B. Guerra Mondragón.*

Abogados del apelado: *Sres. Parra, Pérez Marchand* y *J. Tous Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este caso y seis más fueron sometidos el mismo día y sustancialmente por el mismo alegato.

El alcalde de Ponce presentó una solicitud para que se expidiera un mandamiento de *injunction*, cuya súplica fué sustancialmente la siguiente:

"Por lo cual la corporación demandante solicita de la corte que previos los trámites de ley dicte en definitiva un injunction perpétuo, requiriendo y ordenando a los demandados en este caso para que se abstengan de hacer por sí, sus agentes o empleados, o permitir que se haga en cualquier forma reparación o construcción de la casa que se describe en esta demanda, sin antes obtener el correspondiente permiso del demandante en la forma legal que prescribe la ordenanza aludida y en su sección 7 y para que asimismo desvirtúen, violen o actúen en forma que evadan la sección dicha 25 de la referida ordenanza, que requiere que se haga un chaflán con las dimensiones y forma que determina la misma ordenanza, resolviendo en todo caso que los demandados vienen obligados a hacer dicho chaflán y préviamente deben obtener permiso del demandante para verificar tales reconstrucciones, con los demás pronunciamientos del caso.

Las secciones 7 y 25 a que se ha hecho referencia son las siguientes:

"Sección 7.—La ejecución de toda clase de obra de construcción, reparación de edificios, casas y vías públicas, así como toda variación o traslación que pueda afectar al ornato públido en las zonas nos. 1 y 2, necesita ser autorizado por la administración municipal, dentro de la legalidad vigente en la materia. En la zona número 3 donde sólo hay necesidad de licencia para las construcciones junto a las carreteras insulares deberán las que en adelante se hagan seguir la alineación de las calles limítrofes, debiendo guardarse la separación de un metro entre la casa y la cerca."

Sección 25.—En todo solar en esquina, en toda nueva edificación en un solar que estuviese situado en esquina, en todo edificio que ocupa una esquina en el que se hiciese modificación o alguna reparación, su dueño queda obligado a cortar el chaflán en el edificio reparado o modificado en una forma de triángulo, en el cual cada uno

de los lados inmediatos a la calle medirá tres metros como mínimum, partiendo de la esquina del solar sin contar el ancho que corresponda a la acera; *Disponiéndose* que en las esquinas en que haya sido dado un chaflán que tenga más o menos dimensiones que la medida señalada en esta sección, servirá aquel de base en dimensiones y formas que los restantes. El municipio abonará el importe del terreno tomado por el chaflán con arreglo al tipo de la última tasación insular; *Disponiéndose;* que en los casos en que el municipio ordene el corte de una esquina para darle la forma de chaflán como medida de seguridad pública en edificios o solares que no estén reparándose ni modificándose, todos los gastos que origine la modificación del corte ordenado, corre por cuenta y cargo del mismo municipio. Cuando se construya un edificio o se modifique solo será indemnizado el importe del terreno dado al servicio público y en tales casos solo bastará dirigirse al concejo municipal acompañando una certificación del terreno cedido, suscrita por el ingeniero municipal y un recibo de la contribución insular; *Disponiéndose* que las nuevas urbanizaciones obedecerán a planos aprobados por el Departamento de Obras Públicas Municipales y los chaflanes tendrán el ancho de la calle más estrecha del cruce de las dos, de modo que el conjunto forme un octágono y en este caso de nueva urbanización el municipio no abonará nada por el terreno que ha de ponerse al servicio público por efectos de los chaflanes."

Se alegó en la demanda que el demandado estaba derribando y reconstruyendo sin tener el debido permiso y cumplir con la sección 25 de la ordenanza que exigía a los dueños de solares situados en esquinas cortar un chaflán en el edificio que se repare en forma de triángulo o prisma, separado del edificio; en otras palabras, la ordenanza requería que la línea donde se prohibía la construcción en cada calle fuera de tres metros de distancia de la esquina del solar.

El apelado alegó en la corte inferior que obtuvo dicho permiso, que no estaba derribando y reconstruyendo sino solamente haciendo en la casa las reparaciones necesarias como consecuencia del terremoto de octubre 11 de 1918, y también mediante excepción previa sostuvo que la ordenanza era anticonstitucional por varias razones, entre otras, por

ser *ultra vires,* esto es, por estar fuera de las facultades del municipio.

La corte dictó sentencia a favor del demandado, nominalmente, al menos, sobre la excepción previa. Sin embargo, se celebró un juicio en el que la prueba tendía a mostrar que se había concedido al demandado un permiso para edificar. La sentencia de la corte inferior, después de una excepción previa, contestación y juicio como en este caso, más propiamente debió haber sido general y por el fundamento de que la ordenanza era anticonstitucional, o *ultra vires;* pero nada se sugiere en el alegato del apelante en cuanto a que el apelado estaba edificando sin tener un permiso, hecho que se admitiría si el caso tuviera que resolverse sobre la excepción previa. Por el contrario, el apelante sostiene que como el apelado consideró necesario de acuerdo con la ordenanza, obtener tal permiso, estaba cohibido e imposibilitado para negar la validez de la sección 25 de la referida ordenanza. De modo que al considerar esta apelación, no la miraremos como promovida únicamente por excepción previa, en la cual todos los hechos de la demanda tendrían que tenerse por ciertos, sino que debemos considerar la sentencia después de un juicio como una donde la cuestión de si se había concedido este permiso *vel non* quedó excluída por el juicio y por los actos de las partes, y que la sentencia se dictó sobre la cuestión legal tal como fué promovida por la excepción previa, contestación y juicio. Por tanto, consideraremos el punto de la validez de la sección 25 de la ordenanza como que está enteramente ante nuestra consideración.

La corte inferior, después de referirse a la sección 25 de la ordenanza, llama la atención hacia el hecho de que en una parte de ésta el municipio ofrece indemnizar a los dueños, pero no ofrece hacer tal indemnización cuando la parte prismática o chaflán ha de dedicarse al servicio público. Por consiguiente, dice la corte que la ordenanza revela un espíritu de expropiación forzosa y que la propiedad del deman-

dado no puede ser expropiada hasta que hayan sido debidamente puestos en ejecución los procedimientos de expropiación forzosa, con la necesidad previa de una declaración de utilidad por el organismo correspondiente y la compensación al dueño; que la ordenanza haría que un propietario cediera su propiedad sin el debido proceso de ley, y también declara la corte que el caso ante ella era uno en el cual el municipio se comprometía a indemnizar al dueño de acuerdo con el tipo de tasación anterior.

Sostiene el apelante que éste no era un caso en que el municipio trataba de adquirir una parcela de terreno, sino solamente obligar al demandado a cortar un triángulo o prisma en su solar en el cual no puede edificar, o edificar de acuerdo con el permiso concedido.

Convenimos con el apelante en que no consta claramente qué era lo que el municipio podía hacer o haría después de cortado el triángulo, pero sí vemos muy claro que el apelado, de tener que observar la ordenanza quedaría tal vez privado de restaurar su casa a su anterior condición, o se vería quizás obligado a demoler una parte de ella, y de todos modos estaría impedido de poder usar la parcela triangular para fines de edificación. Y cuando un hombre está impedido por la autoridad superior de poder usar una parte de su propiedad en la forma en que crea conveniente para fines de construcción u otros semejantes, el acto de la autoridad superior es un acto de expropiación forzosa que solo puede ejercitarse de acuerdo con la ley de expropiación forzosa.

Se queja el apelante del proceder del apelado al obtener un permiso para edificar y violar entonces una condición del permiso como le fué concedido. Sin embargo, el apelado estaba obligado a obtener el permiso pero tenía derecho a pasar por alto la condición si ésta era una que el municipio no tenía derecho a imponer. No podemos convenir con el apelante en que hubo algún engaño puesto en práctica contra el municipio al obtener este permiso y no cortar entonces el triángulo.

Sostuvo también el apelante que la expropiación forzosa solamente es necesaria para ciertos fines que se mencionan en la ley de 1903, pero según ya hemos indicado y sin considerar qué es lo que puede ser expropiado específicamente de acuerdo con la ley, no podemos convenir con el apelante en que la dedicación obligatoria del terreno para fines públicos no sería un acto de expropiación forzosa. Alega el apelante que en ninguna parte de la ordenanza se dice que el terreno se convertirá en propiedad pública, pero tal sería el efecto necesario de la ordenanza si quedara finalmente incluído el triángulo en la acera o tuviera el demandado que establecer una línea donde se prohibe edificar. Si el municipio quiere adquirir este terreno o desea restringir las construcciones, la falta de una facultad conferida por la Legislatura a dicho municipio para expropiar no hay medio alguno que no sea el procedimiento existente de expropiación forzosa.

Los autos en este caso dejan en cierta duda el hecho de si en realidad el municipio por el efecto inmediato de la ordenanza adquiere la propiedad, pero convenimos con la corte en que la ordenanza no constituía debido procedimiento de ley. La corte también tuvo razón, como entendemos al sostener que la ordenanza trataba de poner en ejecución un acto de expropiación forzosa.

Todo dueño tiene derecho al libre uso de su propiedad para fines de edificación hasta tanto la Legislatura, mediante el debido procedimiento le prive de tal derecho. Tal facultad puede ser delegada a un municipio. Son muy amplias las facultades de reglamentación pública (*police power*) de un municipio, pero el apelante no ha demostrado que el acto que aquí se trata, de ponerse en vigor, cae dentro de la facultad de reglamentación (*police power*) del pueblo de Ponce, independientemente de la debida compensación al dueño. El objeto en exigir este corte de la propiedad no lo expresa la sección 25 y además no consta que la salud o seguridad pública hacían necesario el cambio que persigue la ordenanza.

Es verdad, como se dice en el tomo 12 de Corpus Juris, pág. 931, que "puesto que la misma base de la reglamentación pública (*police power*) es un dominio que se ejerce sobre los intereses privados para el bienestar del público, un estatuto u ordenanza no resulta anticonstitucional por el mero hecho de que los derechos privados de personas o de la propiedad estén sujetos a restricciones, o porque resultara perdida a los demandados de ser puestos en vigor." Pero no podemos ver que este acto estuviera comprendido dentro de las facultades de reglamentación pública de la ciudad de Ponce sin mediar el procedimiento adecuado de expropiación. No importa que los procedimientos de expropiación forzosa sean difíciles en Puerto Rico o que requieran la intervención del Consejo Ejecutivo o su substituto.

Deploraríamos tal vez, la actitud de los ciudadanos de Ponce si con solo hacer pequeños sacrificios y someterse a la ordenanza pudieran mejorar la belleza de su ciudad y no lo hicieran, pero no tenemos ninguna idea por los autos de cual sería el gasto o dificultad con que tropezaría el apelado si estuviera obligado a cumplir con la sección 25. Según entendemos la demanda y el alegato, lo más que puede alegarse en favor de esta ordenanza es que tiende al ornato público. Se ha resuelto casi universalmente que un Estado o Municipio no puede, sin compensación, por virtud solamente de una facultad de reglamentación pública (*police power*) limitar para fines puramente de estética el uso a que pueda dedicar un ciudadano su propiedad. *Wineburgh Advertising Company* v. *Murphy,* 21 L. R. A. (N. S.) 735 y *Haller Sign Works* v. *Physical Culture Training School,* 34 L. R. A. (N. S.) 998, y notas; *Byrne* v. *Maryland Realty Company,* L. R. A. 1917 A. 1216–20.

Y semejantes consideraciones son de aplicación cuando las autoridades tratan, como en este caso, de establecer, sin la debida compensación, una línea donde se prohiba edificar. *Eubank* v. *Richmond,* 42 L. R. A. (N. S.) 1123; *Willison* v. *Cooke,* 44 L. R. A. (N. S.) 1030; *Fruth* v. *The Board of*

*Affairs of the City of Charleston,* L. R. A. 1915, c. 981. El apelado en la corte inferior también citó la obra de Mac-Quillan sobre corporaciones municipales, tomo 3, pero no tenemos esa obra ante nuestra consideración.

Y en el caso de *Municipio de Ponce* v. *Gely,* 25 D. P. R. 150, citado por la corte inferior, dijimos lo siguiente:

"No puede negarse que el desarrollo y embellecimiento de las modernas ciudades exigen que los municipios tengan grandes facultades para adoptar y hacer cumplir medidas tendentes a ese fin no importando lo radicales que a primera vista parezcan, siempre desde luego que no opriman de modo injustificado a los ciudadanos ni los despojen de su propiedad sin el debido proceso de ley."

Ya que el municipio de Ponce deseara adquirir o no el título, hubiera privado al dueño de tal propiedad sin el debido procedimiento que envuelve la justa compensación. Por tanto, no importaba necesariamente que el apelado infringiera una de las condiciones que acompañaba al permiso para edificar.

De quedar alguna duda sobre este punto debe resolverse por la naturaleza de la acción sometida a nuestra consideración. La demanda es una solicitud para que se expida mandamiento de *injunction,* que es un procedimiento en equidad; de ahí que son aplicables las máximas tales como "Aquel que solicita equidad debe hacer equidad", y otras semejantes. La corte siempre tiene amplia discreción en casos de *injunction* y no expedirá el auto de resultar en injusticia o despojo de la propiedad de un demandado. Ni puede un demandante en un pleito de *injunction* insistir en que los términos de un permiso han sido infringidos, cuando tales términos son anticonstitucionales y nulos.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.